IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMANDA B. REICHELDERFER, ) | CASE NO. 5:25-CV-01401-JRK |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE JAMES R. KNEPP, II |
| vs. ) | UNITED STATES DISTRICT JUDGE |
| ) | |
| HOLMES COUNTY JAIL, SHERIFF ) | MAGISTRATE JUDGE |
| TIMOTHY ZIMMERLY, ) | JONATHAN D. GREENBERG |
| ) | |
| Defendants. ) | **REPORT & RECOMMENDATION (DOC. NOS. 1, 3-4, AND 12), ORDER (DOC. NOS. 11, 14)** |

This matter has been referred to the undersigned United States Magistrate Judge for preparation of a Report and Recommendation pursuant to Local Rule 72.2(b)(2). Before the Court is the Petition of Amanda Reichelderfer ("Reichelderfer" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Reichelderfer is not in the custody of the Ohio Department of Rehabilitation and Correction. (Doc. No. 1-2 at 3; Doc. No. 8 at 1.) At the time of the filing of the Petition, Reichelderfer was a fugitive (Doc. No. 1-2 at 3), and she remains a fugitive. (Doc. No. 12 at 1.)

Also pending are Reichelderfer's Emergency Motion for Temporary Restraining Order and Motion for Stay of Execution of Sentence (Doc. No. 3); Emergency Motion to Stay Execution of Sentence Pending Resolution of Petition for Writ of Habeas Corpus under 28 U.S.C. Section 2254 (Doc. No. 4); and Emergency Motion to Expedite Ruling on Pending Temporary Restraining Order and Stay of Sentence, and for a 14-Day Adminstrative [sic] Stay (Doc. No. 12).

For the reasons set forth in this Report and Recommendation, the undersigned recommends the Court DISMISS the Petition pursuant to the fugitive disentitlement doctrine and DENY Reichelderfer's motions

1

at Doc. Nos. 3, 4, and 12 as moot. The Court also DENIES Reichelderfer's Motion to Strike Respondents Noncompliant Return of Writ; Alternatively, to Deem Unaddressed Issues Waived, Bar Any Post-Hoc Cure, and Suspend the Traverse Deadline (Doc. No. 11) and DENIES AS MOOT Reichelderfer's Motion to Extend Traverse Deadline Pending Ruling on Motion to Strike, or Alternatively, 30 days after a Compliant Return is Filed. (Doc. No. 14.)

## I. Procedural History

On July 7, 2022, the State of Ohio filed a criminal complaint in Holmes County Municipal Court alleging one count of theft, a misdemeanor of the first degree. (Doc. No. 8-1.) Reichelderfer was released on bond. (*See id.; see also* Doc. No. 8-2.) The trial court held an arraignment on July 13, 2022. (Doc. No. 8-32 at 10.) Reichelderfer entered a not guilty plea. (*Id.*)

On November 15, 2022, Reichelderfer entered a no contest plea and was found guilty on that date. (Doc. No. 8-7.) The trial court sentenced Reichelderfer to one year of probation and a suspended sentence of thirty (30) days of jail time upon successful completion of probation. (*Id.*)

On March 27, 2023, the State filed a motion to revoke Reichelderfer's community control. (Doc. No. 8-8.) That same day, the trial court issued a warrant on the motion. (Doc. No. 8-9.) Reichelderfer was not arrested on that warrant until December 19, 2023, when she was arrested on other unrelated charges. (Doc. No. 8-31 at 5.)

On January 10, 2024, the State filed a second Motion to Revoke or Modify Community Control based upon Reichelderfer's failure to report to her probation officer on January 9, 2023 as directed, as well as positive drug screens for methamphetamine and amphetamines. (Doc. No. 8-11.)

On January 23, 2024, Reichelderfer, through counsel, filed an opposition to the State's Motion to Revoke or Modify Petitioner's Community Control. (Doc. No. 8-32 at 8.)

The trial court held an initial hearing on the new probation violation on January 24, 2024. (*Id.* at 7.) The trial court imposed a $25,000.00 bond, which Reichelderfer posted the same day. (*Id.*)

On February 27, 2024, the trial court held an adjudicatory hearing on the probation violations. (Doc. No. 8-31.) At the hearing, Reichelderfer's probation officer testified, as did Reichelderfer. (*Id.*) After considering the testimony and evidence presented by both parties and the arguments of counsel, the trial court found that Reichelderfer violated the terms and conditions of her community control, terminated her community control, and imposed the suspended thirty (30) day jail sentence. (*Id.* at 30.) The trial court gave Reichelderfer a jail report date of April 28, 2024, at 8:00 p.m. (*Id.* at 33.)

On March 25, 2024, Reichelderfer, *pro se*, filed a motion to impose community control in lieu of jail. (Doc. No. 8-32 at 7.) On April 1, 2024, the trial court denied the motion to modify sentence and ordered Reichelderfer to report to the jail as previously ordered. (*Id.*)

Reichelderfer failed to appear on April 28, 2024 as ordered and the trial court issued a warrant for her arrest. (*Id.* at 6-7.)

On May 15, 2024, Reichelderfer, *pro se*, filed a motion for leave to file a delayed appeal with the Fifth District Court of Appeals, a request that the matter be placed upon the accelerated calendar, and a request for appointed counsel. (Doc. No. 8-32 at 5.) The trial court appointed counsel, ordered that a transcript and record of the proceedings be prepared, and agreed to stay imposition of Reichelderfer's sentence pending appeal. (Doc. No. 8-32 at 4-5; Doc. No. 8-21.)

On July 29, 2024, Reichelderfer's appellate counsel filed an *Anders* brief certifying that counsel had reviewed the record of the underlying proceeding and believed there were no non-frivolous arguments to raise on Reichelderfer's behalf. (Doc. No. 8-39.)

On November 5, 2024, Reichelderfer filed a *pro se* response to appellate counsel's *Anders* brief. (Doc. No. 1-43 at 3; Doc. No. 1-39.)

3

On February 12, 2025, Reichelderfer filed a motion to file her own brief *pro se*.  (Doc. No. 1-43 at 3.)

On February 27, 2025, the state appellate court denied Reichelderfer's motion to file a supplemental brief as untimely.  (Doc. No. 8-38; Doc. No. 1-43 at 3.)

On February 28, 2025, Reichelderfer filed her *pro se* reply brief, along with a motion for reconsideration.  (Doc. No. 1-40; Doc. No. 1-43 at 3.)

On March 17, 2025, the state appellate court affirmed the trial court's decision.  (Doc. No. 8-40.)

On March 19, 2025, Reichelderfer filed a motion for a stay of sentence as well as a motion for reconsideration.  (Doc. No. 1-43 at 3.)

On March 31, 2025, the state appellate court denied both motions.  (Doc. Nos. 8-42, 8-44.)

On April 21, 2025, Reichelderfer filed a notice of appeal with the Supreme Court of Ohio, along with a motion for emergency stay.  (Doc. No. 1-35 at 1-2.)

On April 24, 2025, the Supreme Court of Ohio denied Reichelderfer's motion for emergency stay.  (Doc. No. 1-35 at 2.)

On May 6, 2024, the Supreme Court of Ohio dismissed Reichelderfer's appeal for failure to file a memorandum in support of jurisdiction.  (Doc. No. 8-47.)

On May 6, 2025, Reichelderfer filed a motion to reinstate her appeal.  (Doc. No. 1-35 at 4.)

On May 13, 2025, Reichelderfer filed an amended motion to reinstate her appeal.  (*Id.* at 5.)

On June 10, 2025, the Supreme Court of Ohio denied Reichelderfer's motions to reinstate her appeal.  (Doc. No. 8-48.)

On July 3, 2025, Petitioner filed her Petition in this Court (Doc. No. 1), along with an Emergency Motion for Temporary Restraining Order and Motion for Stay of Execution of Sentence (Doc.

4

No. 3) and an Emergency Motion to Stay Execution of Sentence Pending Resolution of Petition for Writ of Habeas Corpus under 28 U.S.C. Section 2254 (Doc. No. 4).

On August 8, 2025, Respondent filed the Return of Writ. (Doc. No. 8.)

On August 9, 2025, Reichelderfer filed a Supplemental Declaration in Support of Motion to Stay Sentence and Motion for Temporary Restraining Order. (Doc. No. 9.)

On August 10, 2025, Reichelderfer filed an Amended Notice of Filing Corrected Documents. (Doc. No. 10.)

On August 15, 2025, Reichelderfer filed a Motion to Strike Respondents [sic] Noncompliant Return of Writ; Alternatively, to Deem Unaddressed Issues Waived, Bar Any Post-Hoc Cure, and Suspend the Traverse Deadline. (Doc. No. 11.)

On September 4, 2025, Reichelderfer filed an Emergency Motion to Expedite Ruling on Pending Temporary Restraining Order and Stay of Sentence, and for a 14-Day Adminstrative [sic] Stay (Doc. No. 12), as well as an affidavit/declaration in support. (Doc. No. 13.)

That same day, Reichelderfer filed a Motion to Extend Traverse Deadline Pending Ruling on Motion to Strike, or Alternatively, 30 days after a Compliant Return is Filed. (Doc. No. 14.)

On September 8, 2025, Reichelderfer filed a First Traverse to Return of Writ Protective Traverse (Short Form) with Rule-5 Objections, Stay/Jurisdiction Points, and Request for Administrative Stay. (Doc. No. 15.)

## II. Law and Argument

In her Petition, Reichelderfer states:

> Although Petitioner is not physically incarcerated, she is subject to constructive custody. Law enforcement officers appeared at her home without notice, identification, or documentation shortly after her § 2241 petition was dismissed without prejudice. Petitioner now lives in fear of arrest for a sentence imposed without lawful authority. Her freedom of movement is severely curtailed. She cannot reside at her home, maintain employment, or care for her elderly parents

5

> without threat of imminent arrest. Petitioner is 'in custody' within the meaning of 28 U.S.C. § 2254 and respectfully requests this Court grant habeas relief to prevent enforcement of a void and unconstitutional sentence.

(Doc. No. 1-2 at 3.)

Respondent argues that Reichelderfer's Petition "is not properly before the Court as she is not a person who [is] in state custody as required by statute." (Doc. No. 8 at 11.)

In her Emergency Motion to Expedite Ruling on Pending Temporary Restraining Order and Stay of Sentence, and for a 14-Day Adminstrative [sic] Stay, filed on September 4, 2025, Reichelderfer states:

> It has been **ninety-eight (98) days—since May 29, 2025**—that Petitioner has been **unable to live in her home** due to **immediate risk of arrest** tied to **Holmes County Common Pleas Case No. 23CR049** and a related municipal 30-day sentence. With colder weather approaching, Petitioner faces loss of safe shelter, inability to work, and escalating harm.

(Doc. No. 12 at 1) (emphasis in original).

As Reichelderfer concedes, she remains a fugitive from what she contends is an unlawful sentence. (Doc. Nos. 1, 3-4, 12.) As Reichelderfer is both under sentence and a fugitive, the undersigned recommends the Court decline to entertain Reichelderfer's § 2254 habeas petition pursuant to the fugitive disentitlement doctrine. *See Gonzales v. Stover*, 575 F.2d 827 (10th Cir. 1978); *In re Prevot*, 59 F.3d 556, 562 (6th Cir. 1995).

"The fugitive disentitlement doctrine limits access to courts in the United States by a fugitive who has fled a criminal conviction in a court in the United States. The doctrine is long-established in the federal and state courts, trial and appellate." *In re Prevot*, 59 F.3d at 562. As the Tenth Circuit explained in *Gonzales*:

> For over 100 years the Supreme Court has consistently refused to grant post-conviction review for escaped prisoners. Smith v. United States, 94 U.S. 97, 24 L.Ed. 32 (1876); Estelle v. Dorrough, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). These decisions make it clear that the Court's informal policy is grounded on considerations which favor voluntary surrender and discourage escape. The Court has also stated that although a prisoner's fugitive status does not necessarily strip a case of its character as a justiciable controversy, it does

6

> however disentitle a petitioner in absentia to call upon the resources of the Court for determination of his claims. Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970).

575 F.2d at 827-28.  "[D]isentitlement is an issue between the claimant and the court, arising from conduct by the claimant that triggers the institutional, and inherent, equitable power of the court itself to respond to that conduct." *In re Prevot*, 59 F.3d at 566.

As another district court explained:

> Application of the fugitive disentitlement doctrine is inappropriate under certain circumstances, for example: (1) if there is an insufficient nexus or connection between the conviction from which the party has fled and the claim with respect to which disentitlement is being considered, *see, e.g., Degen,* 517 U.S. at 826-29 (explaining that a fugitive was not disentitled from defending against civil forfeiture action when he was a fugitive from a related criminal prosecution); or (2) if the fugitive is recaptured, *see, e.g., Ortega-Rodriguez v. United States,* 507 U.S. 234, 251, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993) (finding that the fugitive status of defendant who fled and was recaptured lacks the kind of connection to the appellate process warranting dismissal).

*Moller v. Alameda*, Case No. C 00-20190JF, 2006 WL 778624, at *3 (N.D. Cal. Mar. 24, 2006).  The fugitive disentitlement doctrine is discretionary, not jurisdictional. *Id.*

As the Sixth Circuit recognized in *In re Prevot*, courts have declined to entertain habeas petitions based on the fugitive disentitlement doctrine.  59 F.3d at 563-64 (collecting cases).  *See also, e.g., Taylor v. Holder*, C/A No. 0:12-986-JMC-PJG, 2013 WL 1315879, at *1 (D.S.C. Mar. 8, 2013); *Jones v. Ohio Adult Parole Authority*, No. 2:06-cv-954, 2007 WL 2407061, at *1 (S.D. Ohio Aug. 22, 2007); *Moller*, 2006 WL 778624; *Nelson v. Cozza-Rhodes*, No. 05-CV-60128, 2006 WL 83064 (E.D. Mich. Jan. 11, 2006); *Crawford v. Varner*, Case No. CIV. A. 98-405-GMS, 2002 WL 229898, at *1 (D. Del. Feb. 15, 2002); *Clark v. Desheim*, 663 F. Supp. 1095 (S.D.N.Y. 1987). *Cf. Bagwell v. Drake*, 376 F.3d 408 (5th Cir. 2004) (recognizing that the fugitive disentitlement doctrine applies to habeas cases but remanding for determination as to whether it was appropriate in the case before the court).

7

In *Gonzales*, the petitioner was convicted of reckless driving. 575 F.2d at 827. Gonzales was sentenced to serve five days in jail and pay a $100 fine. *Id.* After Gonzales' appeals of his sentence to the state courts were unsuccessful, the trial court ordered Gonzales to begin serving his sentence. *Id.* Instead of reporting as ordered, Gonzales filed a § 2254 petition challenging the constitutionality of his sentence. *Id.* The respondents asserted that Gonzales was not in their custody and was a fugitive. *Id.* The district court dismissed the petition for lack of jurisdiction and declined to issue a certificate of probable cause. *Id.* On appeal, the Tenth Circuit held that since Gonzales was both under sentence and a fugitive, the district court "properly declined to entertain the § 2254 petition" and denied the application for a certificate of probable cause. *Id.* at 827-28.

Like the fugitive in *In re Prevot*, Reichelderfer "is within the pattern of cases 'consistently and unequivocally approv[ing] dismissal as an appropriate sanction.'" 59 F.3d at 567. Reichelderfer "triggered the relevant process by filing this case while [s]he was an unrecaptured fugitive, [s]he remains in that status, and there is no indication that it will ever change." *Id.*

There is no question Reichelderfer is a fugitive and that there is a substantial connection between the underlying sentence from which Reichelderfer has fled and the instant Petition. *See Moller*, 2006 WL 778624, at *3. Therefore, the undersigned finds it appropriate to apply the fugitive disentitlement doctrine to this case and recommends the Court dismiss Reichelderfer's Petition pursuant to the fugitive disentitlement doctrine.[1]

---

[1] Three courts dismissed the petition before them without prejudice. *Jones v. Ohio Adult Parole Authority*, 2007 WL 2407061, at *2; *Nelson v. Cozza-Rhodes*, 2006 WL 83064, at *2; *Crawford v. Varner*, 2002 WL 229898, at *2. However, the *Crawford* court noted: "The court's dismissal without prejudice does not authorize Crawford to file a subsequent habeas petition after he is returned to custody. The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year period of limitation on the filing of certain habeas petitions, as well as severe restrictions on filing a second or successive petition. *See* 28 U.S.C. § 2244. At this time, the court does not consider whether these restrictions will preclude Crawford from filing a subsequent habeas petition. The court's dismissal without prejudice reflects only that this court will not

### III. Conclusion

For the foregoing reasons, it is recommended the Court DISMISS the Petition pursuant to the fugitive disentitlement doctrine and DENY Reichelderfer's motions at Doc. Nos. 3, 4, and 12 as moot.

The Court DENIES Reichelderfer's Motion to Strike Respondents Noncompliant Return of Writ; Alternatively, to Deem Unaddressed Issues Waived, Bar Any Post-Hoc Cure, and Suspend the Traverse Deadline (Doc. No. 11) and DENIES AS MOOT Reichelderfer's Motion to Extend Traverse Deadline Pending Ruling on Motion to Strike, or Alternatively, 30 days after a Compliant Return is Filed. (Doc. No. 14.)

Date: October 3, 2025

*s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.** *Berkshire v. Beauvais*, **928 F.3d 520, 530-31 (6th Cir. 2019).**

---

entertain Crawford's current claims *at this time* because he is a fugitive from justice." 2002 WL 229898, at *2 n.4 (emphasis in original).